# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CONRAD R. GARDNER,

        Petitioner,               Case Number: 5:17-CV-13144
                                                      HON. JOHN CORBETT O'MEARA

v.

ERIC BALCARCEL,

        Respondent.

_____/

## ORDER GRANTING PETITIONER'S REQUEST TO STAY PROCEEDINGS AND HOLD PETITION IN ABEYANCE AND ADMINISTRATIVELY CLOSING CASE

Michigan state prisoner Robert Kirby, through counsel, has filed a habeas corpus petition under 28 U.S.C. § 2254. Petitioner challenges his conviction for first-degree criminal sexual conduct. Petitioner also requests a stay of these proceedings to allow him to exhaust state court remedies. The Court grants the request.

## I.

Petitioner was convicted in Oakland County Circuit Court of first-degree criminal sexual conduct. On September 3, 2014, he was sentenced to 25 to 70 years imprisonment.

Petitioner filed an appeal of right in the Michigan Court of Appeals raising three claims: hearsay testimony improperly admitted; motion for a directed verdict improperly denied; and ineffective assistance of counsel. The Michigan Court of Appeals affirmed Petitioner's conviction. *People v. Gardner*, No. 323883, 2015 WL 9487673 (Mich. Ct.

App. Dec. 29, 2015). The Michigan Supreme Court denied leave to appeal. *People v. Gardner*, 499 Mich. 971 (Mich. 2016).

Petitioner then filed this habeas corpus petition and a request for a stay.

**II.**

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). Petitioner seeks a stay to allow him to exhaust several ineffective assistance of counsel claims in state court.

A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings if outright dismissal of a habeas petition would jeopardize the timeliness of a future petition, there is good cause for the petitioner's failure to exhaust those claims, the unexhausted claims are not "plainly meritless," and "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005).

The Court finds that a stay is warranted in this case. First, the outright dismissal of the petition, even without prejudice, may preclude future consideration of Petitioner's claims in this court due to the expiration of the statute of limitations. *See* 28 U.S.C. § 2241(d)(1). The one-year limitations period begins 90 days after the conclusion of direct appeal. *Gonzalez v. Thaler*, 565 U.S. 653-54 (2012) (stating that a conviction becomes final when the time for filing a certiorari petition expires). The Michigan Supreme Court denied leave to appeal on June 28, 2016, and the time for seeking a writ of certiorari with

the United States Supreme Court expired 90 days later – on September 27, 2016. The one-year limitations period commenced the next day, September 28, 2016. *See* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio*, 235 F.3d 280, 284 (6th Cir. 2000). Petitioner filed the pending petition on September 25, 2017, with only three days remaining in the limitations period. With so little time remaining in the limitations period, dismissal of this case while Petitioner exhausts his additional claims could result in a subsequent petition being barred by the one-year statute of limitations.

Second, Petitioner appears to assert that appellate counsel was ineffective in failing to raise these claims on direct review. Third, Petitioner's new claims allege the denial of federally protected constitutional rights. Finally, the Court finds no indication that Petitioner is engaging in intentionally dilatory litigation tactics.

When a district court determines that a stay is appropriate pending resolution of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must also ask this Court to lift the stay within sixty days of completing state court review. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Id.* (internal quotation omitted).

**III.**

Accordingly, the Court GRANTS Petitioner's request for a stay. The habeas petition is STAYED and further proceedings in this matter are held in ABEYANCE. Petitioner shall file a motion to lift the stay and an amended petition in this Court within sixty days after the conclusion of the state court proceedings.

The Court further ORDERS that, to avoid administrative difficulties, the Clerk of Court shall close this case for statistical purposes only.

s/John Corbett O'Meara
United States District Judge

Date: October 26, 2017

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, October 26, 2017, using the ECF system and/or ordinary mail.

s/William Barkholz
Case Manager